ELLIS, Judge:
Defendant Unionamerica Mortgage and Equity Trust made a construction loan to Arnott Corporation for the purpose of building a Days Inn Motel in Baton Rouge, Louisiana. The original general contractor on the job was Dynamic Constructors, Inc., which subsequently defaulted on the job. Arnott then took over as the contractor, and it then defaulted.
Diamond Electrical Company, Inc., plaintiff herein, and Landry and Pennington Plumbing Company, Inc., plaintiff in consolidated case No. 11215, furnished work and materials for the job for which they were never paid. These two consolidated suits were brought against Unionamerica for the recovery of the value of the work and materials furnished. The alleged bases for liability are: first, that defendant assumed the obligations of Arnott and Dynamic under the construction contract; second, that defendant negligently failed to insure that the funds advanced by it were used to pay subcontractors; and, third, that defendant was engaged in a joint venture with Arnott, and therefore, liable for Arnott’s failure to pay.
Subsequently, plaintiffs moved for summary judgment, based ,on affidavits which stated the above facts relative to the construction loan and the defaults by Dynamic and Arnott, and containing the following language:
“That the defendant herein, as lender, owed a duty to plaintiff herein to super *121 vise the funding of this project and the payment of the sub-contractors and the materialmen, and that the plaintiff breached its duty to do such, thereby causing the plaintiff herein to go unpaid for the aforementioned amount. That because of the defendant’s negligence and/or breach of its duty to supervise the funding of this property and the payment of materialmen and sub-contractors, that the defendant is liable to plaintiff herein for the full amount which is due and owing.”
Subsequently, defendant moved for summary judgment, attaching an affidavit stating that it was never assigned any rights and obligations under the construction contract between Arnott and Dynamic, and never assumed any of their obligations thereunder; that it did everything for which it was responsible in connection with the funding of the project; and that it never obligated itself for payment of plaintiffs’ accounts.
The deposition of Stephen R. Broadwater, who supervised the loan for Unionamerica was also attached to the motion. Mr. Broadwater testified that he was responsible for seeing that the loan was properly supervised, and that he retained a firm of consulting architects, who would check the construction of the project from time to time to see that it was on schedule and properly built. He also had periodic checks made by a title company to see whether any liens were filed against the job. Advances were made on a monthly basis, after receipt of a draw request, which he described as follows:
“A. Well, the draw request breaks down each budget category by trade, construction trade, and in our type of lending we also involve certain soft costs. He would draw down request monies for each budget category — you know, plumbing, rough carpentry, rough electrical, things like that. He would also include any of his soft costs and, of course, the motel you have F F & E.
“Furniture, fixtures and equipment, which he might be drawing down for things like that. He would, you know, indicate what he was requesting in each category, and then the reverse side of the form was a summary of the total loan amount, amount drawn to date, and then, you know, there was an affidavit on the bottom of the form that he signed that the money was being used in the construction of the project.”
The request would be signed by the borrower, the general contractor and the inspecting architect.
Mr. Broadwater testified that the project began in late 1973, and that there was no indication of trouble until the summer of 1974. He was not aware that Dynamic had defaulted in March, 1974, because all of the draw requests which were submitted until he stopped advancing funds were signed by Dynamic. He testified that liens began to pile up in the summer of 1974, and that part of the project was destroyed by fire on Labor Day, 1974. Unionamerica at that time stopped advancing funds. Eventually, Arnott went into bankruptcy, and the motel and land were turned over to Unionameri-ca, as mortgagee in possession, in January, 1975.
From the affidavits and depositions, it appears undisputed that Unionamerica never assumed or was assigned any of the obligations of Dynamic or Arnott under the construction contract, or had any contractual relationship with either of them other than as a lender. Plaintiffs' first and third grounds for the liability of defendant are therefore without merit.
Plaintiffs’ main contention is that, having assumed the task of making sure that the loan money was being used in the construction of the motel, defendant assumed a duty to plaintiffs to see that they were paid for services and materials furnished. It is argued that, if this duty was negligently breached, defendant then became personally liable to plaintiffs for the amount of their claims.
Plaintiffs have cited no direct statutory or jurisprudential authority for the novel *122 proposition advanced by them. His first argument is based- on the Private Works Act, R.S. 9:4801 et seq., and is to the effect that, since the funds advanced by defendant were not used in the construction of the project, and defendant should have known it, the mortgage privilege enjoyed by it should not prime the lien privilege enjoyed by plaintiffs. However, plaintiffs have overlooked the fact that these suits are for personal judgments against defendant, and the ranking of their respective liens is not at issue. .
Plaintiffs also argue that defendant was unjustly enriched, because it eventually became the owner of the motel and thereby became the beneficiary of plaintiffs’ services and materials. There are, however, no facts alleged in plaintiffs’ affidavits, or testified to by Mr. Broadwater in his deposition, which would lead one to conclude that defendant was enriched. The unrefuted deposition reveals that defendant had advanced sufficient funds to pay for all expenses incurred by the contractor and the owner. It was certainly not enriched by the failure of the contractor or owner to pay the subcontractors. Plaintiffs have therefore not met the first prerequisite of the actio de in rem verso, and their argument is without merit, assuming that the action is appropriate in the first place. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
There is no dispute as to the fact that defendant has assumed no contractual obligation toward the plaintiffs. Plaintiffs have been unable to demonstrate that any duty to safeguard their interests is owed them by defendant. Under those circumstances, we believe- that defendant is entitled to - summary judgment, dismissing plaintiffs’ suits.
The judgment of the trial court is therefore affirmed, at plaintiffs’ cost. -
AFFIRMED.